Zimmerman, J.
The principal errors of which defendant complains are that he could not be found guilty of contributing to the delinquency of a minor without a prior adjudication that the minor herself was delinquent, and that there was insufficient competent evidence to establish his guilt.
We have read the bill of exceptions throughout and find competent evidence showing that in the early part of January 1951, when Joan was 16 years old, she became acquainted with the defendant, who was then 29 years of age, married and with a family; that thereafter Joan and he kept company regularly and frequently; that he was a constant and devoted suitor with ample opportunity to exercise his affections to the fullest extent; that Joan had no male companions other than the defendant; that after Joan’s parents discovered the true situation they remonstrated with the defendant and ordered him to stop associating with Joan; that a short time afterward defendant removed Joan from the Oak Harbor High School, where she was a student, and transported her and his younger brother to an adjoining state where Joan and the *350 younger brother were married; that Joan was pregnant at the time; that, by the admissions, failure to deny, and actions of the defendant, the clear inference is present that he was responsible for such pregnancy; that Joan subsequently went to Toledo and lived in a trailer which belonged to the defendant’s wife and at that time was in close contact with the defendant; that in late January 1952 Joan went to the home of her married sister and resided there pending the hearing and disposal of the delinquency charge made against her by her father; and that before such hearing was had she departed with the defendant and sometime later gave birth to a child in Baltimore, Maryland.
There is other evidence of an incriminating nature against defendant, but enough has been detailed to present a partial picture of a sordid mess.
Defendant’s trial was before an experienced jurist who was perfectly capable of separating competent evidence from that which was incompetent. The bill of exceptions is replete with more than enough competent evidence to sustain the finding of guilty against the defendant.
There is no doubt that Joan was a delinquent child within the purview of the terms of Section 1639-2, General Code (Section 2151.02, Revised Code), and that defendant contributed to such delinquency within the meaning of Section 1639-45, General Code (Section 2151.41, Revised Code).
A finding or an adjudication in a separate proceeding that Joan was a delinquent child was not necessary before the prosecution for contributing to the delinquency of a minor could be maintained. The contents of the affidavit filed against the defendant and the evidence on the trial show that Joan was a delinquent child. And, even though January 5, 1951, is the date mentioned in the affidavit as being the time when the contribution to the minor’s delinquency occurred, *351 no objection was made thereto prior to the trial and no objection was registered to the introduction of evidence covering later periods of time. Therefore, no amendment of the affidavit to include other and later dates was essential.
In Section 13449-5, General Code (Section 2945.83, Revised Code), it is provided that a judgment of conviction shall not be reversed unless it affirmatively appears from the record that the defendant was prejudiced and prevented from having a fair trial. We are convinced there was no miscarriage of justice in the instant case. The judgment of the Court of Appeals affirming the judgment of the trial court is affirmed.

Judgment affirmed.

Weygandt, C. J., Hart and Lamneck, JJ., concur.